Douglas J. Pick, Esq. (DP-5935)
Eric C. Zabicki, Esq. (EZ-0763)
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000
dpick@picklaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                      Chapter 11
TECTON CAFÉ INC. d/b/a ESTANCIA 460,                    Case No. 09-

          Debtor.
-----------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK )
         ) ss.:
COUNTY OF NEW YORK )

  Stacey Sosa, being duly sworn, deposes and says:

  1.  I am the President of Tecton Café Inc. d/b/a Estancia 460, the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein. My duties with the Debtor include managing and running the daily operations of the restaurant. The Debtor serves Latin American/South American food in its premises located 460 Greenwich Street, New York, New York 10013. This affidavit is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules of this Court.

  2.  On December 29, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court and an Order for Relief was entered. The Debtor continues to manage its property and affairs as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code. No committee of creditors has been appointed.

3. The Debtor is a New York Subchapter "S" company engaged in the operation of a restaurant named "Estancia 460" which is located at 460 Greenwich Street, New York, New York.

4. The Debtor sought protection under the Bankruptcy Code in order to avoid a threatened cessation of its operations by the New York State Department of Taxation and Finance for unpaid taxes and because of its current inability to pay its debt obligation as they come due. The Debtor is currently working with the New York State Department of Taxation as it conducts a sales tax audit of the Debtor's prior 3 years of operation and has successfully negotiated a reduction in its monthly rent obligations to its lenders.

5. Given the time necessary to pursue various reorganizational strategies, the Debtor believes that it can successfully and expeditiously exit chapter 11.

6. Pursuant to LBR 1007-2 (a)(4), a list containing the names and addresses of what I believe to be are the Debtor's twenty largest unsecured creditors, excluding insiders, have been filed with the Debtor's Chapter 11 Petition. Upon information and belief, there are no secured creditors.

7. Pursuant to LBR 1007-2 (a)(5), the holders of the five largest secured creditors of the Debtor and a brief description and estimate of the value of the secured collateral is set forth in Schedule D to the Chapter 11 Petition.

8. Pursuant to LBR 1007-2 (a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in Schedules B, D, E, and F to the Chapter 11 Petition.

9. Pursuant to LBR 1007-2(a)(7) the shares of stock of the Debtor are held as follows:

| Member | Percentage Interest |
|---|---|
| Stacy Sosa | 100% |

10. Pursuant to LBR 1007-2(a)(8), there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

11. Pursuant to LBR 1007-2(a)(9) the Debtor leases its premises located at 460 Greenwich Street, New York, New York 10013 (the "Premises").

12. Pursuant to LBR 1007-2(a)(10) Debtor's assets and its books and records are all located at the Debtor's Premises.

13. Pursuant to LBR 1007-2(a)(11) the only pending action or proceeding against the Debtor are as follows:

|   | Name of Case | Case No. | Status |
|---|---|---|---|
| 1. | Andrea's Fish, Inc. v. Tecton Café Inc. | Index No. 612961/09 | Notice of Judgment entered on November 23, 2009 in the amount of $5,201.12. |
| 2. | One Stop Restaurant v. Tecton Café Inc. | Index No. 0045014/09 | Summons and Complaint date September 22, 2009 served. Issue joined. |
| 3. | Tom Cat Bakery v. Tecton Café | Index No. 7088 SCQ 2009 | Summons and Complaint served. No Answer filed. |

14. Pursuant to LBR 1007-2(a)(12) the individuals who currently comprise the Debtor's existing management, their tenure with the Debtor and their responsibilities are as follows:

| Name | Tenure | Responsibilities |
|---|---|---|
| Stacey Sosa | 2006 - 2009 | President, managing and operating the Premises |
| Krist Ijan Mirceski | 2002 - 2009 | Manager |

15. The Debtor has approximately 11 employees that work on individual time schedules depending on the Debtor's needs. None of the employees are on salary and all are usually paid weekly. The estimated payroll (exclusive of officers, directors and stockholders) for the 30 day period following the filing of the chapter 11 petition is approximately $24,000.

16. The amount proposed to be paid for services for the thirty (30) day period following the filing of the chapter 11 petition to the officers, directors, and shareholders of the company is $6,000.00.

17. During the thirty (30) day period following the commencement of the chapter 11 case, the Debtor expects to break even and/or make a slight profit. Expenses and disbursements (inclusive of all salaries and taxes) for the month should total approximately $72,000.00.

18. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to restructure its business and pay creditors substantially more than they would receive if the Debtor went through a forced liquidation.

_____
STACEY SOSA, President of Tecton Café Inc.

Sworn to before me this
18th day of December, 2009.

_____
Douglas J. Pick
Notary Public, State of New York
No. 02PI4758430 Qualified in New York County
Commission Expires February 26, 2011